Valerie W. Ho (SBN CA 200505)
Rebekah S. Guyon (SBN CA 291037)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
hov@gtlaw.com
guyonr@gtlaw.com

Attorneys for Defendant
SHEIN FASHION GROUP, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CAT COVEN LLC, a New York limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>SHEIN FASHION GROUP, INC., a California corporation; and DOES 1-10,<br><br>    Defendants. | CASE NO. 2:19-cv-07967-PSG-GJS<br><br>**DEFENDANT SHEIN FASHION GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(7) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of George Chiao; Declaration of Rebekah S. Guyon; Request for Judicial Notice; Proposed Order filed concurrently*]<br><br>DATE:  March 16, 2020<br>             1:30 p.m.<br>JUDGE: Hon. Philip S. Gutierrez |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 16, 2020, at 1:30 p.m., in Courtroom 6A of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California, Defendant Shein Fashion Group, Inc. ("SFG") will and hereby does respectfully move for an order dismissing Plaintiff Cat Coven LLC's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party and to dismiss Count 7 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

First, SFG moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(7) because Plaintiff has knowingly and intentionally failed to name the necessary party Zoetop Business Co., Ltd. ("Zoetop"), a Hong Kong entity. Plaintiff knows that Zoetop owns and operates the website www.shein.com, on which Plaintiff contends a t-shirt was sold allegedly infringing Plaintiff's rights. That information is disclosed on the www.shein.com website itself and in United States Patent and Trademark Office records. SFG, by contrast, does not own, operate, or control the website, and SFG further did not create, manufacture, offer for sale, sell, or distribute the allegedly infringing t-shirt about which Plaintiff complains.

Second, SFG moves to dismiss Plaintiff's Count 7 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for falsification of copyright management information conveyed in connection with a work in violation of 17 U.S.C. § 1202(a). As Plaintiff has conceded, the product at issue did not have any false copyright management information on it, and Plaintiff's allegation that false copyright management information was included on the product's label or tag is contradicted by its own Exhibit C to the Complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, the Declaration of George Chiao and exhibits thereto (submitted <u>only</u> in support of SFG's motion pursuant to Rule 12(b)(7)), the Declaration of Rebekah S. Guyon and exhibits thereto (submitted <u>only</u> in

support of SFG's motion pursuant to Rule 12(b)(7)), and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

    This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3. Counsel for SFG notified counsel for Plaintiff that it has grounds to move to dismiss on November 7, 2019. Counsel for the parties met and conferred to discuss the substance of SFG's motion on November 12, 2019, the first day that counsel for Plaintiff was available. Counsel for Plaintiff indicated that he would oppose the Motion.

DATED: December 18, 2019        GREENBERG TRAURIG, LLP

By /s/ Rebekah S. Guyon
    Rebekah S. Guyon
    Valerie W. Ho
    Counsel for Defendant, Shein Fashion Group, Inc.

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. RELEVANT FACTS AND BACKGROUND.......................................................2

    A. Facts Relevant To SFG's Motion To Dismiss Pursuant To Rule 12(b)(7).....2

    B. Facts Relevant To SFG's Motion To Dismiss Pursuant To Rule 12(b)(6).....3

III. PLAINTIFF HAS KNOWINGLY FAILED TO JOIN A NECESSARY PARTY ..4

    A. Standard for Motion To Dismiss For Failure To Join A Necessary Party Pursuant To Rule 12(b)(7).........................................................................................4

    B. Plaintiff Knowingly Failed To Name Zoetop Business Co., Ltd., A Necessary Party .............................................................................................................5

IV. PLAINTIFF HAS NO CLAIM FOR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION ................................................................................10

    A. Standard For Ruling On A Motion To Dismiss Pursuant To Rule 12(b)(6).10

    B. Plaintiff Has Not Stated A Claim For Falsification Of Copyright Management Information ...............................................................................................10

V. CONCLUSION.....................................................................................................12

i

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alan Ross Mach. Corp. v. Machinio Corp.*,
   17-CV-3569, 2019 WL 1317664 (N.D. Ill. Mar. 22, 2019) .........................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................10

*Bekins v. Zhelznyak*,
   No. 2:15-cv-04478, 2016 WL 126729 (C.D. Cal. Jan. 11, 2016) ............................8, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................10

*Dawavendewa v. Salt River Project Agr. Imp. And Power Dist.*,
   276 F.3d 1150 (9th Cir. 2002) .....................................................................................7

*E.E.O.C. v. Peabody W. Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) .......................................................................................7

*HCT Packaging Inc. v. TM Intl. Trading Ltd.*,
   CV1308443RGKSHX, 2014 WL 12696776 (C.D. Cal. Mar. 10, 2014) ..................6, 8

*Marquez v. Ocwen Loan Servicing, LLC*,
   CV152783PSGVBKX, 2015 WL 12697082 (C.D. Cal. June 15, 2015) .............*passim*

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ...................................................................................10

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   975 F. Supp. 2d 920 (N.D. Ill. 2013) .........................................................................12

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   No. 11 C 5177, 2012 WL 414803 (N.D. Ill. Feb. 8, 2012) ........................................11

*Soto v. Los Angeles Cty. Flood Control Dist.*,
   No. CV 15-787 FFM, 2016 WL 11265023 (C.D. Cal. May 24, 2016) .......................7

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .....................................................................................10

*Stevens v. Corelogic, Inc.*,
   194 F. Supp. 3d 1046 (S.D. Cal. 2016) .....................................................................11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ...................................................................................................10

*Tomelleri v. Zazzle, Inc.*,
    13-CV-02576-EFM-TJJ, 2015 WL 8375083 (D. Kan. Dec. 9, 2015) .........................11

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,
    & Prods. Liab. Litig.*,
    826 F. Supp. 2d 1180 (C.D. Cal. 2011) .................................................................5

**Federal Statutes**

17 U.S.C. § 1202(a) ...........................................................................................1, 10, 11
17 U.S.C. § 1202(c) ......................................................................................................11

**Rules**

Fed. R. Civ. P. 4 (f)(1) ....................................................................................................6
Fed. R. Civ. P. 12(b)(6) ................................................................................2, 9, 10, 12
Fed. R. Civ. P. 12(b)(7) ................................................................................1, 4, 11, 12
Fed. R. Civ. P. 19 ................................................................................................*passim*
Fed. R. Civ. P. 19(a) .......................................................................................................7
Fed. R. Civ. P. 19(a)(1) ..................................................................................................5
Fed. R. Civ. P. 19(a)(1)(B)(i) ........................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Cat Coven LLC knows that it has sued the wrong party. Plaintiff's claims all arise from the alleged sale of a t-shirt on the website www.shein.com that Plaintiff contends infringes its intellectual property rights. However, the website itself states that it is operated and controlled by Zoetop Business Co., Ltd. ("Zoetop"), a Hong Kong entity. The public records of the United States Patent and Trademark Office ("USPTO") also shows that Zoetop is the owner of the SHEIN marks. Plaintiff's counsel has been advised that Defendant Shein Fashion Group, Inc. ("SFG") has no control over the website www.shein.com and did not create, manufacture, offer for sale, sell, distribute, or otherwise even handle the accused product at issue. Plaintiff nevertheless *refuses* to name Zoetop as a party, even though Plaintiff's counsel conceded during the parties' meet and confer that Zoetop is most likely a necessary party under Fed. R. Civ. P. 19. Rather, it seems that Plaintiff wants to skirt the requirements of the Hague Convention that governs service of process abroad by only naming a domestic company that happens to have "Shein" in its name ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but had no involvement in the conduct about which Plaintiff complains. Without Zoetop, this case cannot progress in any meaningful fashion. SFG possesses no documents related to the product at issue, it has no sales of the product that Plaintiff could use to support a claim for damages, and an injunction against it would have no effect on the website www.shein.com, over which SFG does not control. The Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(7) and require Plaintiff to re-file a complaint naming Zoetop, which Plaintiff knows is a necessary party.

Additionally, Plaintiff has no claim for falsification of copyright management information under 17 U.S.C. § 1202(a). Plaintiff has conceded in its Complaint that there is **no** copyright management information on the product, and Plaintiff's allegation that a "SHEIN" label or tag was affixed to the product is contradicted by its own Exhibit C— showing the product on the www.shein.com website with no labels or tags whatsoever.

The Court should dismiss Count 7 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim.

## II.   RELEVANT FACTS AND BACKGROUND

### A.   Facts Relevant To SFG's Motion To Dismiss Pursuant To Rule 12(b)(7)

Plaintiff originally filed suit against SFG over the same product as at issue here on August 9, 2019 in the Southern District of New York. *See* Declaration of Rebekah S. Guyon, Ex. 1 ("Guyon Decl."). On August 26, 2019, counsel for the parties met and conferred regarding Plaintiff's claims, at which time counsel for SFG informed counsel for Plaintiff that he had named the wrong party because SFG does not operate or in any way control the website www.shein.com, from which Plaintiff's claims arise, but, rather, the website is owned and operated by Zoetop. Guyon Decl. ¶ 3; Declaration of George Chiao ¶ 8 ("Chiao Decl."). Counsel for SFG informed counsel for Plaintiff that he would have discovered that fact had he investigated the Privacy Policy on www.shein.com, which makes clear that Zoetop owns and operates the website, and the publicly-filed trademark registrations for "SHEIN," which make clear that Zoetop owns the mark. See Request for Judicial Notice ("RJN") at 1-2; Guyon Decl. ¶ 3, Exs. 2-3.[1] SFG's counsel also advised Plaintiff's counsel that SFG has limited activities in New York and is not subject to personal jurisdiction there. Guyon Decl. ¶ 3.

On September 13, 2019 Plaintiff dismissed its case in New York and re-filed the instant action. Guyon Decl. ¶ 6, Ex. 19; Compl. Despite Plaintiff's knowledge that Zoetop—and not SFG—owns and operates the website from which Plaintiff's claims arise, Plaintiff persisted in only naming SFG, and ***not*** Zoetop, as a defendant. Compl. ¶ 20. Confusingly, Plaintiff refers to "Defendants" throughout its Complaint as if it had named all relevant parties that it is aware of, and Plaintiff refers to SFG as "SHEIN" as if SFG owns that trademark, neither of which—as Plaintiff knows—is true. *See, e.g.*, Compl. ¶¶ 2, 5, 21; Guyon Decl. ¶ 3, Exs. 4-18, Ex. 20 at 8-10.

---

[1]   Zoetop's Privacy Policy is properly considered by the Court when ruling on SFG's motion pursuant to 12(b)(7). *See infra* ¶ III(A).

2

SFG is a California entity ██████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ SFG did not create, manufacture, cause to be manufactured, import, distribute, or sell the t-shirt that Plaintiff complains of. *Id.* ¶¶ 6, 7. SFG has confirmed that the t-shirt was never sold at any pop-up shops that it operated. *Id.* ¶ 6. SFG does not own or control the website, www.shein.com. *Id.* ¶ 8. During the parties' meet and confer, Plaintiff's counsel advanced a theory that SFG is part of an alleged "distribution" chain for the product at issue, but that is simply not true (as counsel for SFG told counsel for Plaintiff). Guyon Decl., Ex. 20 at 1, 2, 8-10; Chiao Decl. ¶ 6.[2] Further, counsel for Plaintiff **acknowledged** that Zoetop is likely a necessary party. Guyon Decl. ¶ 7. But Plaintiff has refused to name it as a defendant.

### B. Facts Relevant To SFG's Motion To Dismiss Pursuant To Rule 12(b)(6)

Plaintiff's claims arise from its allegation that a t-shirt allegedly depicting a "Magickal Protection Design" that Plaintiff allegedly owns was sold on the website www.shein.com. Compl. ¶ 21. In addition to asserting copyright and trademark infringement claims, Plaintiff also asserts that the t-shirt violated its rights regarding accurate copyright management information under the Digital Millennium Copyright Act because a "SHEIN label or tag" was allegedly included on the product and that constitutes offering the product with falsified copyright management information. Compl. ¶ 70. But Plaintiff's allegation that the product contained a "SHEIN" label or tag is based on pure speculation—and that speculation is contradicted by Plaintiff's own

---

[2] Plaintiff's allegations that "[SFG]'s principal place of business is listed as the principal address on the ROMWE website as well as the return department address on packaging for products purchased directly from the SHEIN brand website" have no relation to the facts here. Compl. ¶ 5. Plaintiff does not contend that the t-shirt at issue was sold on the "ROMWE website," www.romwe.com, so its citation to that website is confusing. Compl. ¶ 21.

Exhibit C to the Complaint which prominently shows the t-shirt has **_no_** label or tag whatsoever. Compl., Ex. C. Indeed, during the parties' meet and confer, Plaintiff's counsel conceded that he does not even have a sample of the accused t-shirt in his possession, further rendering his allegations completely speculative. Guyon Decl., Ex. 20 at 1.

## III. PLAINTIFF HAS KNOWINGLY FAILED TO JOIN A NECESSARY PARTY

### A. Standard for Motion To Dismiss For Failure To Join A Necessary Party Pursuant To Rule 12(b)(7)

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). "Rule 19 in turn 'provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party.'" *Marquez v. Ocwen Loan Servicing, LLC*, CV152783PSGVBKX, 2015 WL 12697082, at *2 (C.D. Cal. June 15, 2015) (Gutierrez, J.). First, "the Court must determine whether the third party is one traditionally denominated as 'necessary.'" *Id.* (citations omitted). A party is "necessary" and must be joined if:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Second, "[i]f the third party satisfies the above criteria, the Court must then determine whether joinder is 'feasible.'" *Marquez*, 2015 WL 12697082, at *2 (citing Fed. R. Civ. P. 19(b)). Third, "[i]f joinder is not feasible, the Court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party.'" *Marquez*, 2015 WL 12697082, at *2 (internal citations omitted). Once the moving party has met its initial burden of proving a missing party is necessary to an action, the burden shifts to the party opposing the motion to dispute that initial showing. *Id.* at *3. "It is well settled that courts may look to extrinsic evidence on motions for failure to join." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011) (citation omitted).

### B. Plaintiff Knowingly Failed To Name Zoetop Business Co., Ltd., A Necessary Party

Plaintiff's claims arise from its allegation that a t-shirt alleged depicting the "Magickal Protection Design" that Plaintiff allegedly owns was sold on the website www.shein.com. Compl. ¶ 21. SFG does not own, operate, manage, or control the website www.shein.com. Chiao Decl. ¶ 8. The website is owned by Zoetop. Guyon Decl., Exs. 2-3.

SFG did not create, manufacture, cause to be manufactured, import, distribute, or sell the t-shirt that Plaintiff complains of. Chiao Decl. ¶¶ 6, 7. SFG is a California entity ███████████████████████████████████████████████████████████████ *Id.* ¶¶ 3-5. The t-shirt at issue was never sold at any SFG pop-up shops. *Id.* ¶ 6. Accordingly, Plaintiff's theory that it can sue SFG as part of an alleged "distribution"

chain for the product at issue has no merit. Guyon Decl., Ex. 20 at 1-2.

Zoetop is a necessary party, and the Court should dismiss this case and and/or require Plaintiff to amend its complaint to name Zoetop as a Defendant. Indeed, during the parties' meet and confer, counsel for Plaintiff *conceded* that Zoetop is a necessary party but still refuses to join Zoetop as a defendant. *Id.* ¶ 7. Plaintiff apparently wants to short circuit the legal requirements of Rule 19 and cheat the process by which it is required to serve an entity abroad by only naming a domestic entity that happens to have "Shein" in its corporate name so that Plaintiff's counsel can avoid the minor effort needed to bring a Hong Kong entity to this suit. *See* Fed. R. Civ. P. 4 (f)(1) (foreign defendant can be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"); *HCT Packaging Inc. v. TM Intl. Trading Ltd.*, CV1308443RGKSHX, 2014 WL 12696776, at *6 (C.D. Cal. Mar. 10, 2014) ("Hong Kong and the United States are both signatories to the Hague Convention so the rules of the Hague Convention apply.").

**First**, the 19(a) factors are satisfied because, if the Court disposes of this action in Zoetop's absence, Zoetop's practical ability to protect its interests in the operation and sale of items on www.shein.com will be impeded. Fed. R. Civ. P. 19(a)(1)(B)(i). For example, in *Marquez*, the Court held that a plaintiff's husband who was the co-borrower on a home loan on which the defendant foreclosed was a necessary party under Rule 19 because plaintiff's lawsuit asserting that the foreclosure violated the California Homeowner Bill of Rights and other state laws "would affect both Plaintiff's and [her husband's] Gonzales' interest in the Loan and the Property." *Marquez*, 2015 WL 12697082, at *3. The Court reasoned that if the husband was not "joined as a party," he would be "unable to assert claims or defenses that might affect the Court's final judgment." *Id.* "Thus, if the case continues in his absence, Gonzales' interest may not be adequately protected." *Id.* Similarly, here, Zoetop plainly has an interest in a lawsuit alleging that a product sold on its website infringed Plaintiff's rights. Zoetop very likely

has "claims or defenses that might affect the Court's final judgment," given that Plaintiff seeks an injunction restraining activity on the website www.shein.com and an accounting and award of profits from sales allegedly made on the website—a website that Zoetop, and not SFG, controls, and sales information that is in the possession of Zoetop, and not SFG. *Marquez*, 2015 WL 12697082, at *2; Compl. ¶¶ 4, 7 at 23-24; Chiao Decl. ¶ 8. If this lawsuit proceeds without Zoetop, its interests, therefore, "may not be adequately protected." *Marquez*, 2015 WL 12697082, at *3. For the same reason, in Zoetop's absence the Court cannot afford complete relief amongst the parties because SFG has never sold, distributed, manufactured, or had any involvement in the sale, distribution, or manufacture of the t-shirt at issue. Chiao Decl. ¶¶ 6, 7. Accordingly, without Zoetop, discovery will be unproductive (since SFG possesses no documents regarding the t-shirt at issue), Plaintiff will not be able to recover any damages (assuming it has any, which SFG disputes), and any proposed injunction regarding products sold on www.shein.com would be ineffective (or, conversely, could result in SFG being held in contempt of court for failure to follow the injunction), because SFG does not own or control www.shein.com. *See Dawavendewa v. Salt River Project Agr. Imp. And Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002) (holding that Indian tribe that was party to contract sought to be enjoined was necessary party under Rule 19(a) because, in the absence of the party, the injunction would not be effective); *Soto v. Los Angeles Cty. Flood Control Dist.*, No. CV 15-787 FFM, 2016 WL 11265023 (C.D. Cal. May 24, 2016) (granting motion to dismiss and ordering plaintiff to join as necessary parties cities that own and/or control areas of the Rio Hondo Bike Path because the court could not award relief that the plaintiff sought in their absence, *i.e*, an injunction ordering that areas of the bike path controlled by the cities be made accessible pursuant to the American with Disabilities Act).

**Second**, joinder is feasible because it would not destroy the Court's subject matter jurisdiction or venue. *See E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (joinder is not feasible "when venue is improper, when the absentee is not subject

to personal jurisdiction, and when joinder would destroy subject matter jurisdiction"). Plaintiff expressly asserts that venue is proper and the Court has jurisdiction because "Defendants sell goods to consumers, do business, and are subject to personal jurisdiction in this district." Compl. ¶ 3. The addition of a Hong Kong defendant would not change these allegations.³ Indeed, Plaintiff presumably is referring to Zoetop in its venue and jurisdiction allegations by its identification of the actions of plural "Defendant*s*" in that paragraph and throughout its Complaint. *E.g.*, Compl. ¶¶ 5, 7, 22-27. Joining Zoetop to this matter is also not onerous, because it can be served pursuant to Hague Convention procedures, which courts regularly require litigants to follow. *E.g.*, *HCT Packaging*, 2014 WL 12696776, at *6. Because Zoetop is a necessary party and joinder is feasible, the Court need not reach the third prong of the necessary party analysis to order Plaintiff to join Zoetop as a party. *See Marquez*, 2015 WL 12697082, at *4 ("Based on the 'necessary' party showing alone, it is appropriate to dismiss the case with leave to amend so that Plaintiff can join the necessary party.").

Plaintiff alleges that SFG "participated in and/or subsequently ratified and adopted each and all of the infringing acts or conduct alleged," with references to theories of agency and/or alter ego. Compl. ¶ 7. Even accepting that theory (which SFG disputes), it would still not overcome the requirement that Zoetop be joined as a necessary party pursuant to Rule 19. For example, in *Bekins v. Zhelznyak*, No. 2:15-cv-04478, 2016 WL 126729 (C.D. Cal. Jan. 11, 2016), the court addressed whether plaintiffs could maintain claims arising from their former employer's failure to pay salaries or reimbursements against individuals that plaintiffs alleged were their former employer's alter egos. 2016 WL 126729, at *1. The court reasoned that the former employer had an interest in the outcome of the litigation under Rule 19 because "all of plaintiffs' claims arise out of

---

³ SFG disputes that "a substantial part of the events and omissions giving rise to the claims herein occurred in this district," since it played no role in the sale of the product at issue. Compl. ¶ 3; *see* Chiao Decl. ¶¶ 6-8. SFG has no position on whether Zoetop "sell[s] goods to consumers" or otherwise "do[es] business" or is "subject to personal jurisdiction in this district." Compl. ¶ 3.

8

either the conduct of [the former employer] Akvinta, in failing to pay plaintiffs' wages, or the conduct of defendants, in their positions as directors and officers of Akvinta." *Id.* at *3. The named defendants could not adequately protect Akvinta's interests, because they might "ignore questions of liability and instead focus [their] defense[s] on showing that [they are] not the corporation's alter ego," and proceeding without the corporation would create a risk of "double, multiple, or otherwise inconsistent obligations" because the corporation could be found liable under an alter ego theory, but not liable if the claims were asserted directly against the corporation. *Id.* at *4 (internal quotations omitted).

  As in *Bekins*, Zoetop is a necessary party even accepting Plaintiff's allegations of an agency or alter ego theory as true (which SFG disputes). All of Plaintiff's claims arise from the alleged offering for sale of an item on the website www.shein.com by Zoetop. Compl. ¶ 21. SFG never sold the product at issue and does not control www.shein.com. Chiao Decl. ¶¶ 6, 8. Accordingly, as in *Bekins*, Zoetop has an interest in the outcome of the litigation. Further, SFG cannot adequately protect Zoetop's interest because SFG will be focused on proving that it has no liability for Plaintiff's claims since it had no involvement in the alleged sale and offering for sale of the product at issue. Chiao Decl. ¶¶ 6, 8. There is also a risk of double, multiple, or inconsistent obligations, because SFG cannot assert defenses that Zoetop may have to Plaintiff's claims. Moreover, requiring SFG to remain as the sole party defending itself against Plaintiff's claims arising from a product that SFG never handled, and that was sold on a website that SFG does not own, operate, or control, would be prejudicial to SFG, since its defense will require it to prove a negative (because it possess no documents or evidence relating to the t-shirt at issue or Plaintiff's claims). Zoetop is a necessary party (as Plaintiff's counsel has conceded) that should be joined before the case proceeds. Guyon Decl. ¶ 7.

## IV. PLAINTIFF HAS NO CLAIM FOR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

### A. Standard For Ruling On A Motion To Dismiss Pursuant To Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. A court ruling on a motion to dismiss for failure to state a claim must accept as true all non-conclusory, factual allegations made in the complaint, but it does not accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must do more than "tender[] naked assertion[s] devoid of further factual enhancement") (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Determining whether a claim is plausible requires the court to consider whether the well-pleaded facts permit "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted) When ruling on a motion to dismiss, a court may also consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice" without converting the motion into one for summary judgment. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015). Further, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" when ruling on a motion to dismiss for failure to state a claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

### B. Plaintiff Has Not Stated A Claim For Falsification Of Copyright

**Management Information**

The Digital Millennium Copyright Act provides a cause of action for falsification of copyright management information where a party "knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide[d] copyright management information that is false, or (2) distribute[d] or import[ed] for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Copyright management information ("CMI") is defined as a delineated list of information "conveyed in connection with copies . . . of a work." 17 U.S.C. § 1202(c). To satisfy the requirement that CMI is "conveyed in connection with" copies of a work, a number of courts have held that the CMI must be in the "'body' or the 'area around' the work to violate DMCA." *Alan Ross Mach. Corp. v. Machinio Corp.*, 17-CV-3569, 2019 WL 1317664, at *3 (N.D. Ill. Mar. 22, 2019) (quoting *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012)) (collecting authorities)).

Here, during the parties' meet and confer, counsel for Plaintiff "conceded that there is no SHEIN CMI on the product itself." Guyon Decl., Ex. 20 at 2. Plaintiff's counsel also conceded that he does not have the product at issue. *Id*. Rather, Plaintiff's Section 1202 claim is based on pure *speculation* that a "SHEIN" "label and tag" was allegedly attached to the product at issue, but that allegation should ***not*** be taken as true because it is contradicted by Plaintiff's own Complaint. Compl. ¶ 70.[4] Exhibit C to the Complaint plainly shows that there is ***no*** label or tag on the t-shirt. Compl., Ex. C. Accordingly, Plaintiff has failed to state a claim for falsification of CMI under Section 1202(a) because there is no false CMI on, or in connection with, the product at issue.

---

[4] Plaintiff's Section 1202 claim is indicative of the prejudice that SFG will suffer if the Court does not grant its motion to dismiss pursuant to Rule 12(b)(7) and require Plaintiff to join Zoetop as a party. Since SFG did not create, manufacture, offer for sale, sell, or distribute the allegedly infringing t-shirt about which Plaintiff complains, if Plaintiff's Section 1202 claim proceeds to discovery against SFG alone, SFG possesses no evidence to prove the claim is meritless, *i.e.*, it has never handled the accused t-shirt and does not know whether it is sold with tags and labels.

*E.g.*, *Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1051–52 (S.D. Cal. 2016) (copyright notice displayed on same webpage as plaintiff's photographs, but not on plaintiff's photographs themselves, did not violate 1202(a)) (collecting authorities), *aff'd*, 893 F.3d 648 (9th Cir. 2018), *withdrawn from bound volume*, *and aff'd*, 899 F.3d 666 (9th Cir. 2018); *Tomelleri v. Zazzle, Inc.*, 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *12 (D. Kan. Dec. 9, 2015) ("Plaintiff claims that the mere appearance of his illustrations on zazzle.com creates false CMI. . . . Other courts have held that the mere appearance of an image on a website does not convey CMI for that image.") (collecting authorities); *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013) (copyright notice "at the bottom of every page of the website in the generic website footer," that was "not on the works or images themselves" was not false CMI because it was not "'conveyed with'" allegedly infringing copies of plaintiffs' works).

## V. **CONCLUSION**

For the foregoing reasons, SFG respectfully requests that the Court (1) dismiss this case without prejudice and order Plaintiff to re-file a complaint adding Zoetop Business Co., Ltd. as a defendant pursuant to Fed. Rules of Civ. P. 12(b)(7) and 19; and (2) dismiss Plaintiff's count 7 with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's allegation that false copyright management information was conveyed with the product at issue is contradicted by its own Exhibit C to the Complaint.

DATED: December 18, 2019    GREENBERG TRAURIG, LLP

By  /s/ Rebekah S. Guyon
    Rebekah S. Guyon
    Valerie W. Ho
    Counsel for Defendant, Shein Fashion Group, Inc.