

E-FILED
FEB 21 2020
Document #

COURTESY COPY

**DENIED**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CAT COVEN LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHEIN FASHION GROUP, INC., a California corporation; and DOES 1-10,<br><br>Defendant. | CASE NO. 2:19-cv-07967-PSG-GJS<br><br>[PROPOSED] ORDER GRANTING EX PARTE APPLICATION (1) TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN WHICH PLAINTIFF PUBLICLY DISCLOSED CONFIDENTIAL INFORMATION IN VIOLATION OF COURT ORDER, AND (2) FOR ISSUANCE OF AN OSC RE SANCTIONS<br><br>JUDGE: Hon. Philip S. Gutierrez |

The Court, having considered Defendant Shein Fashion Group, Inc.'s Ex Parte Application (1) to Seal Plaintiff's Opposition To Defendant's Motion To Dismiss, In Which Plaintiff Publicly Disclosed Confidential Information In Violation Of Court Order, and (2) For Issuance Of An OSC Re Sanctions ("Application"), and for GOOD CAUSE shown, hereby orders that the Application is GRANTED.

The Court has already held, pursuant to an Application to Seal that Plaintiff did not oppose (ECF No. 22), that compelling reasons warrant sealing Defendant Shein Fashion Group, Inc.'s ("SFG") confidential business relationships, marketing strategies, and business plans. *See* Order Granting Application for Leave to File Documents Under Seal, ECF No. 25; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Plaintiff's Opposition, ECF No. 29, publicly discloses this confidential information on pages 7, 9, 10, 11, 12, 14, and 15. The unredacted Opposition brief should have been filed under seal pursuant to C.D. Cal. L.R. 79-5.2.2(b).

Therefore, the Court ORDERS that the Opposition, ECF No. 29, shall be SEALED. Plaintiff is ORDERED to publicly file Exhibit 9 to the Declaration of Rebekah S. Guyon, a redacted version of Plaintiff's Opposition that redacts SFG's confidential information, within three (3) days.

Plaintiff publicly filed SFG's confidential information without complying with the meet-and-confer, or other requirements, of C.D. Cal. L.R. 79-5.2.2(b). Moreover, Plaintiff's counsel was aware that the Opposition contained SFG's confidential information that the Court ordered to be filed under seal, but failed to take any expeditious action to mitigate the harm caused by the public disclosure to SFG. Counsel for Plaintiff, Andrew Gerber, told the Court Clerk to *not* provisionally seal the Opposition, even though it contained information that the Court had ordered to be sealed from the public record. Mr. Gerber later refused to correct that email to the Court Clerk even after he appeared to consent to provisionally filing the Opposition under seal. Counsel for Plaintiff now states that he intends to move to unseal SFG's Motion to Dismiss (ECF No. 20) and Declaration

of George Chiao in Support (ECF No. 20-3)—two months after he consented to the sealing of those documents. Further, Mr. Gerber failed to expeditiously cooperate with the filing of a joint *ex parte* application to seal the Opposition prepared by counsel for SFG, after he initially stated that he would, which required SFG to file the instant Application, driving up its fees and costs. This conduct indicates that Plaintiff's decision to publicly file SFG's confidential information, in violation of the Court's December 20, 2019 Order, was intentional. Mr. Gerber is admitted *pro hac vice* in this district, which required him to certify that he is familiar with the Central District of California's Local Rules. *See* ECF No. 15. Yet, he did not follow the Local Rules, and he violated the Court's December 20, 2019 Order, when he filed the Opposition. Local Rule 83-7 authorizes the Court to award sanctions for the "violation of or failure to conform to any of these Local Rules," when the conduct is "willful, grossly negligence, or reckless," and attorneys' fees and costs are warranted for Local Rule violations in "bad faith," or a "willful disobedience of a court order." C.D. Cal. L.R. 83-7(a), (b). SFG has incurred $9,435.00 in attorneys' fees in connection with the Application.

Therefore, the Court ORDERS Plaintiff and/or Plaintiff's lead counsel Andrew Gerber to SHOW CAUSE by no later than _____, 2020 why they should not be forced to pay $9,435.00 as monetary sanctions for the conduct described in this Order. SFG shall have until _____, 2020 to submit a reply brief. The hearing on the Order to Show Cause shall take place on _____, 2020 at ____.

IT IS SO ORDERED

Dated: _____

_____
Hon. Philip S. Gutierrez
United States District Judge