UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss

Before the Court is Defendant Shein Fashion Group, Inc.'s ("Defendant" or "Shein") motion to dismiss. *See* Dkt. # 20 ("*Mot.*"). Plaintiff Cat Coven LLC ("Plaintiff") opposes, *see* Dkt. # 29 ("*Opp.*"), and Defendant replied, *see* Dkt. # 39 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

I.     Background

    A.     Factual Background

The following factual allegations are taken from Plaintiff's complaint. Plaintiff is a small fashion and lifestyle company based in New York, that created the Cat Coven Brand in 2013. *See Complaint*, Dkt. # 1 ("*Compl.*") ¶ 8. Plaintiff is the exclusive owner of all trademark rights in a black cat logo, the "Cat Coven Logo," and has created a variation of this logo entitled "Magickal Protection Design." *Id.* ¶¶ 8  12.

Plaintiff alleges that Shein is a "fast fashion retailer" that advertises, distributes, and sells products under various brands, including "SHEIN" and "ROMWE" to consumers in the United States, and operates SHEIN and ROMWE in the United States. *Id.* ¶¶ 5, 18. Plaintiff alleges that Shein is a subsidiary of Hong Kong retailer Zoetop Business Co., Limited ("Zoetop"). *Id.* ¶ 5. Plaintiff alleges that Shein's principle place of business is the principle address listed on the ROMWE website as well as the return department address on packaging for products purchased directly from the SHEIN brand website. *Id.* Plaintiff alleges that Shein sells products through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

www.shein.com, and also sells products through sample sales, college campus events, and pop-up stores. *Id.* ¶ 19.

Plaintiff alleges that Shein infringed on Plaintiff's trademark by prominently featuring a counterfeit version of the Cat Coven Logo and Magickal Protection Design on a t-shirt on www.shein.com, without Plaintiff's permission. *Id.* ¶ 21. Plaintiff alleges that Shein has sold this counterfeit product to consumers around the United States. *Id.* ¶ 25.

B.  Procedural Background

Plaintiff filed this lawsuit on September 13, 2019, bringing the following causes of action:

First Claim for Relief: Federal trademark counterfeiting in violation of 15 U.S.C. § 1114. *Id.* ¶¶ 33 42.

Second Claim for Relief: Federal trademark infringement in violation of 15 U.S.C. § 1114. *Id.* ¶¶ 43 46.

Third Claim for Relief: Federal unfair competition, false description, and false designation of origin in violation of 15 U.S.C. § 1125(a). *Id.* ¶¶ 47 52.

Fourth Claim for Relief: Common law unfair competition. *Id.* ¶¶ 53 56.

Fifth Claim for Relief: Statutory unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. *Id.* ¶¶ 57 59.

Sixth Claim for Relief: Copyright infringement in violation of 17 U.S.C. §§ 501, et seq. *Id.* ¶¶ 60 68.

Seventh Claim for Relief: False copyright management information in violation of 17 U.S.C. § 1202(a). *Id.* ¶¶ 69 74.

Plaintiff seeks damages as well as an injunction to prevent "Defendants from manufacturing, producing, distributing, advertising, offering for sale, and/or selling any products that display the Cat Coven Logo" and from "copying, reproducing, distributing, adapting, and/or publicly displaying the Magickal Protection Design." *Id., Prayer for Relief* ¶¶ 4 5. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

also seeks an order requiring the destruction of "all of Defendants' infringing products, including the Counterfeit Product." *Id.*, *Prayer for Relief* ¶ 6.

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, and to dismiss Plaintiff's seventh claim for relief pursuant to Rule 12(b)(6). *See generally Mot*.

C. Background on Shein

Defendant states that Shein does not operate or in any way control the website www.shein.com, from which Plaintiff's claims arise, but, rather, the website is owned and operated by Zoetop. *See Declaration of Rebekah S. Guyon*, Dkt. # 20-1 ("*Guyon Decl.*") ¶ 3; *Declaration of George Chiao*, Dkt. # 20-3 ("*Chiao Decl.*") ¶ 8. The Privacy Policy on www.shein.com also makes clear that Zoetop owns and operates the website, and the publicly-filed trademark registrations for "SHEIN" indicate that Zoetop owns the mark. *See Guyon Decl.* ¶ 3, Exs. 2 3 ("*Privacy Policy*"), 4 18.[1]

Defendant has submitted the declaration of George Chiao, an employee of Shein who oversees Shein's operations. *See generally Chiao Decl*. Chiao states that Shein is a start-up company formed in December 2015. *Id.* ¶ 3. Shein was previously a subsidiary of Zoetop, but is

---

[1] Defendant has filed a request for judicial notice, *see* Dkt. # 21 ("*RJN*"), requesting that the Court take judicial notice of printouts of the United States Patent and Trademark Office's ("USPTO") Trademark Electronic Search System's record for SHEIN registered marks; and printouts of the USPTO's Trademark Electronic Search System's record for marks pending registration. The Court may take judicial notice under Rule 201(b) of the Federal Rules of Evidence of matters that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under Rule 201, the Court "can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *Payne v. Manilow*, No. CV183413PSGPLAX, 2018 WL 6321638, at *5 (C.D. Cal. Oct. 29, 2018) ("[T]he Court finds it appropriate to take judicial notice of the exhibits that refer to public records from the United States Copyright Office."). In addition, as discussed in Section II, the Court may consider extraneous evidence when deciding a Rule 12(b)(7) motion. Accordingly, the Court **GRANTS** Defendant's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

no longer owned by Zoetop. *Id.* Starting around 2016, Shein entered into an agreement with Zoetop to provide marketing services in the United States. *Id.* ¶ 4, Ex. 21. This includes operating "pop-up" shops at which Shein sold various of Zoetop's products. *Id.* ¶ 5. Shein did not manufacture, create, cause to be manufactured, import, distribute or sell the t-shirt identified in Plaintiff's complaint (based on its "sku" number). *Id.* ¶¶ 6, 7.

II.  Legal Standard

   A.  Rule 12(b)(7)

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). Rule 19 in turn "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). First, the Court must determine whether the third party is one traditionally denominated as "necessary." *See id.*; Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 7:55 (The Rutter Group 2015) (noting that while Rule 19 no longer uses the terms "necessary" or "indispensable," courts continue to use those labels as terms of art in the Rule 19 analysis); *Cachil Dehe Band of Wintun Indians v. Cal.*, 547 F.3d 962, 969 n. 6 (9th Cir. 2008) (noting same). In relevant part, Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

Fed. R. Civ. P. 19(a)(1); *see also Bowen*, 172 F.3d at 688. If the moving party satisfies the above criteria, the Court must then determine whether joinder is "feasible." *See* Fed. R. Civ. P. 19(b); *Kescoli v. Babbitt,* 101 F.3d 1304, 1309 (9th Cir. 1996) (internal citations omitted). Joinder is not feasible if it would destroy the Court's subject matter jurisdiction. *See E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). Finally, if joinder is not feasible, the Court must determine whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the action must be dismissed. *Id*. "Indispensable parties under Rule 19(b) are 'persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Id.* at 780 (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)). "It is well settled that courts may look to extrinsic evidence on motions for failure to join." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011). When moving to dismiss under Rule 12(b)(7), the moving party bears the burden of producing evidence in support of the motion. *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV 11-10787 MMM (FMOx), 2013 WL 12122691, at *12 (C.D. Cal. Jan. 28, 2013).

  B. <u>Rule 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. <u>Discussion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

First, the Court considers whether it is appropriate to dismiss Plaintiff's complaint for failure to join Zoetop because it is a necessary party according to Rule 19. Second, the Court analyzes whether Plaintiff has successfully stated a claim upon which relief can be granted for its seventh claim.

    A.    <u>Failure to Join Zoetop</u>

Defendant argues that Zoetop is a necessary party, and the Court should dismiss the case and require Plaintiff to amend its complaint to name Zoetop as a defendant. *See Mot.* 6.

    *i.*    *Whether Zoetop is a Necessary Party*

Defendant argues that if the Court disposes of the action in Zoetop's absence, Zoetop's practical ability to protect its interests in the operation and sale of items on www.shein.com will be impeded. *See Mot.* 6:16 18; Fed. R. Civ. P. 19(a)(1)(B)(i).

Given that Defendant has submitted evidence that Zoetop, not Shein, owns and operates the website that is the subject of Plaintiff's complaint, Zoetop has an interest in this suit alleging that a product sold on its website infringed Plaintiff's rights, and Zoetop may have "claims or defenses that might affect the Court's final judgment." *See Guyon Decl.* ¶ 3; *Chiao Decl.* ¶ 8; *Marquez v. Ocwen Loan Servicing, LLC*, No. CV 15-2783 PSG (VBKx), 2015 WL 12697082, at *3 (C.D. Cal. June 15, 2015) (concluding that plaintiff's husband who was co-borrower on home loan on which the defendant foreclosed was a necessary party under Rule 19 because he had an interest in the suit and if he was not joined he would "be unable to assert claims or defenses that might affect the Court's final judgment"). Additionally, Defendant argues that in Zoetop's absence, the Court cannot accord complete relief amongst the parties because Shein has never sold, distributed, manufactured, or had any involvement in the sale, distribution, or manufacture of the t-shirt at issue. *Mot.* 7; *Chiao Decl.* ¶¶ 6, 7. Plaintiff seeks an accounting of profits for sales of the product and injunction against the website's operations. *See Compl*, *Prayer for Relief* ¶¶ 4 7. Defendant's evidence indicates that discovery would be unproductive because Shein does not possess the sales documents regarding the t-shirt at issue. *Mot.* 7:10 25. In addition, a proposed injunction regarding products sold on www.shein.com would be ineffective, given the evidence that Shein does not own or control that website. *Id.* (citing *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002) (holding that Indian tribe that was a party to a contract sought to be enjoined was necessary party under Rule 19(a) because, in the absence of the party, the injunction would not be effective)). Ultimately, Plaintiff has solely alleged an infringement of a t-shirt sold on www.shein.com, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

Defendant's evidence indicates is operated by Zoetop. *See generally Compl*. Thus, Defendant has met its initial burden of producing evidence showing that Zoetop is a necessary party to this action.

In response, Plaintiff suggests that Zoetop and Shein are alter egos, and generally raises suspicion of a scheme to avoid liability for Shein. *See generally Opp.* Plaintiff points to the following evidence: employees in Los Angeles listed on LinkedIn as having positions with "Shein"; a building at 345 N. Baldwin Park Blvd., City of Industry, CA 91746, which is owned by Shein and sub-leased to EC Best Services, Inc., and which is the same address as the return address for products sold on www.shein.com; and the overlap in corporate executives between Shein and EC Best Services, Inc. *See generally Declaration of Andrew Gerber*, Dkt. # 30 ("*Gerber Decl.*"); *Supplemental Declaration of Andrew Gerber*, Dkt. # 35 ("*Supp. Gerber Decl.*"); *Opp.* 10. Shein has not disputed that it has a relationship with Zoetop pursuant to which it provides substantial marketing services in the United States. *See Mot.* 9. Plaintiff argues first, that Shein is the "U.S.-based alter ego of Zoetop," second, that it is permitted to sue any joint tortfeasor, and, third, that Shein is liable for the trademark infringement of a subtenant leasing space that it owns. *See Opp.* 7 16. The Court takes these arguments in turn.

        a.     Alter Ego

First, Defendant's alter ego theory in fact suggests that Zoetop is a necessary party, as courts have held that where liability is based on allegations of an alter ego relationship, the alleged corporate alter ego is a necessary party. *See Bekins v. Zhelznyak*, No. 2:15-cv-04478-CAS(ASx), 2016 WL 126729, at *4 (C.D. Cal. Jan. 11, 2016) (requiring joinder of absent corporate employer under Rule 19 where plaintiffs alleged that the employer's owners, named as defendants, were alter egos of the company and liable for the company's failure to pay wages); *Payoda, Inc. v. Photon Infotech, Inc.*, No. 14-CV-04103-BLF, 2015 WL 1325562, at *3 (N.D. Cal. Mar. 24, 2015) (requiring joinder where plaintiff's claims arose from defamatory letters sent by absent corporate entity that plaintiff argued was an alter ego of named corporate defendant, because in the entity's absence the court could not accord complete relief). "Related corporations are presumed to be separate entities; thus, the conduct of one cannot be imputed to the other absent evidence that one acted as the agent or alter-ego of another or there was some other failure to observe corporate formalities." *Thomas v. Aetna Health of California, Inc.*, No. 1:10-CV-01906-AWI, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011) (citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)). For example, in *Wilson v. Metals USA, Inc.*, the plaintiff alleged that the corporation's founder, president, and majority shareholder was aware that roofing tiles sold by the corporation were defective, and sought to hold him liable for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

defect. No. CIV. S-12-0568 LKK, 2012 WL 5932990, at *1 3 (E.D. Cal. Nov. 27, 2012). The court concluded that the determination of whether a corporation is an alter ego is a "question of fact," and thus the court could not determine at the pleading stage if the defendant was the corporation's alter ego. *Id.* at *5. There would be a "significant risk of prejudice" to the absent corporation if it was not joined, and the principal could not adequately substitute for the corporation as "he may ignore questions of liability and instead focus his defense on showing that he is not the corporation's alter ego." *Id.* Here, similarly, whether Zoetop and Shein are alter-egos is a question of fact, Zoetop faces a significant risk of prejudice because it has an interest in defending itself from allegations of liability, and Shein cannot substitute for Zoetop's interests, as it will focus on its own. *See id.*; *Mot.* 6.

      b.    *Joint Tortfeasor*

Plaintiff argues that Shein is a joint tortfeasor with Zoetop and/or EC Best, and that "any member of the distribution chain can be sued as an alleged joint tortfeasor." *Opp.* 8. "The question of who must be joined as defendants in patent, copyright and trademark suits for infringement also is fairly easy to answer. A suit for infringement may be analogized to other tort actions; all infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action." *U.S. Philips Corp. v. Synergy Dynamics Int'l, LLC*, No. 2:05-cv-00577-PMP-GWF, 2007 WL 9734384, at *5 (D. Nev. July 9, 2007). "[T]he Advisory Committee Notes to Rule 19(a) explicitly state that a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability." *Lockheed Martin Corp. v. Network Sols., Inc.*, No. CV 96-7438 DDP ANX, 1997 WL 381967, at *2 (C.D. Cal. Mar. 19, 1997) (internal quotation marks omitted).

However, here, Defendant's evidence indicates that Shein did not participate as a joint tortfeasor in the alleged infringement and was not in the distribution chain. Defendant has produced evidence that it has not reproduced, displayed, distributed, or sold the allegedly infringing t-shirt, but rather, has provided marketing services unrelated to the accused product. *See Chiao Decl.* ¶¶ 7, 8; *Reply* 7. Plaintiff cites to various cases where courts have rejected Rule 19 arguments involving claims of secondary liability, contributory infringement or inducement of infringement, but Plaintiff has not asserted those theories in this case. *See, e.g.*, *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV 11-10787 MMM (FMOx), 2013 WL 12122691, at *12 (C.D. Cal. Jan. 28, 2013) (defendant could be liable for her own acts of contributory infringement, and the plaintiff had not "identified any person whose interest would be impaired or impeded by disposition of [plaintiff's] claims"); *U.S. Philips Corp.*, 2007 WL 9734384, at *5 (person who actively participates in company's inducement of patent infringement under 35 U.S.C. § 271(b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

can be sued without naming the company); *Research In Motion, Ltd. v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. CV 07 7323 ABC (VBKx), 2008 WL 11336161, at *4 (C.D. Cal. Mar. 25, 2008) (status as joint tortfeasor insufficient for joinder under Rule 19, where defendants had themselves engaged in the use of the trademarks in commerce). These authorities do not address joinder where, as here, a plaintiff alleges alter ego liability.

Plaintiff's argument that Shein is liable for its sub-tenant EC Best also fails. Plaintiff contends that Shein takes part in the distribution chain by sub-leasing a portion of its facility to an entity that Plaintiff believes distributes products for Zoetop. *See Opp.* 15. But Plaintiff does not allege that Shein's sub-tenant has distributed the t-shirt at issue. *See generally Compl.* Even if Plaintiff had, Plaintiff has not cited authority for the proposition that leasing real property to an infringer alone would make a landlord liable for infringement. *See Mot.* 7 8; *cf. Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 826 (N.D. Cal. 2016) (declining to hold landlord liable for infringing conduct of its tenant because the plaintiff did not clearly allege landlord's knowledge or awareness of infringing activities).

Ultimately, Plaintiff's arguments regarding Zoetop and Shein's relationship do not convince the Court that Zoetop is not a necessary party. The Court concludes that Zoetop has "an interest relating to the subject of the action," and disposing of the action absent Zoetop may "impair or impede [Zoetop's] ability to protect the interest," and that the Court "cannot accord complete relief among existing parties." *See* Fed. R. Civ. P. 19(a). Accordingly, the Court concludes that Zoetop is a necessary party.

  *ii. Whether Joinder is Feasible*

Defendant argues, and Plaintiff does not dispute, that joinder is feasible. *See E.E.O.C.*, 400 F.3d at 779. Defendant argues that joinder would not destroy subject matter jurisdiction, and that Plaintiff can be served pursuant to Hague Convention procedures, which courts regularly require litigants to follow. *See HCT Packaging Inc. v. TM Int'l Trading Ltd.*, No. CV 13 08443 RGK (SHx), 2014 WL 12696776, at *6 (C.D. Cal. Mar. 10, 2014) ("It is mandatory to apply the Hague Convention when both countries are signatories to the Convention. [] Hong Kong and the United States are both signatories to the Hague Convention so the rules of the Hague Convention apply."). It appears that joinder would be feasible, and Plaintiff has made no argument to the contrary. *See generally Opp*.

The Court need not address whether Zoetop is indispensable, as Defendant has established that Zoetop is a necessary party and joinder is feasible. *See Marquez*, 2015 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

12697082, at *4 ("Based on the "necessary" party showing alone, it is appropriate to dismiss the case with leave to amend so that Plaintiff can join the necessary party . . . on this basis alone, the Court dismisses the complaint with leave to amend."); *see also Edwards v. Fed. Home Loan Mortg. Corp.*, No. C 12-04868 JSW, 2012 WL 5503532, at *4 (N.D. Cal. Nov. 13, 2012); *Maynard v. Wells Fargo Bank*, N.A., No. 12CV1435 AJB JMA, 2012 WL 4898021, at *3 (S.D. Cal. Oct. 15, 2012); *Mottale v. Kimball Tirey & St. John, LLP*, No. 13CV1160-GPC-JMA, 2013 WL 5570193, at *7 (S.D. Cal. Oct. 9, 2013).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss all claims, with leave to amend. However, the Court will also consider Defendant's arguments for dismissal under Rule 12(b)(6) to expose any further deficiencies in Plaintiff's pleading.

B.    False Copyright Management Information

The Digital Millennium Copyright Act provides a cause of action for falsification of copyright management information where a party "knowingly and with the intent to induce, enable, facilitate, or conceal infringement--(1) provide[d] copyright management information that is false, or (2) distribute[d] or import[ed] for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Copyright management information ("CMI") is defined as a delineated list of information "conveyed in connection with copies . . . of a work." 17 U.S.C. § 1202(c). To satisfy the requirement that CMI is "conveyed in connection with" copies of a work, some courts have held that CMI must be in the "'body' or the 'area around' the work to violate DMCA." *Alan Ross Mach. Corp. v. Machinio Corp.*, No. 17-CV-3569, 2019 WL 1317664, at *3 (N.D. Ill. Mar. 22, 2019).

Here, Plaintiff's seventh claim for relief for false copyright management information states: "on information and belief, Defendants affixed and prominently displayed the 'SHEIN' name and logo on the Counterfeit Product's label and tag." *Compl.* ¶ 70. Defendant argues that this claim should be dismissed because during meet and confer, Plaintiff stated that it did not have proof that there were such labels or tags on the infringing products, although Plaintiff had samples of other products with a label and tag prominently displaying the "SHEIN" name and logo. *See Mot.* 11:15  20; *Guyon Decl.*, Ex. 20 at 2. Defendant also argues that the photograph of the display of the shirt does not include a visible tag with the "SHEIN" logo. *See Mot.* 18  21. However, these arguments do not require dismissal at the pleading stage, as Plaintiff has adequately pleaded that CMI was affixed to the product. *See Compl.* ¶ 70; *see also Carter v. Pallante*, 256 F. Supp. 3d 791, 801 (N.D. Ill. 2017) (denying motion to dismiss CMI claim and stating, that plaintiff "need not plead particularized facts" regarding CMI "nor could [plaintiff]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7967 PSG (GJSx) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Cat Coven LLC v. Shein Fashion Group, Inc., et al. | | |

be expected to at this stage, as any such information is exclusively within the Publisher Defendants' knowledge"). These arguments are better addressed by way of a summary judgment motion.

Accordingly, the Court concludes Plaintiff has adequately alleged this claim, and **DENIES** Defendant's 12(b)(6) motion to dismiss Plaintiff's seventh claim for false copyright management information.

IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's seventh claim as inadequately pleaded. The Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(7) for failure to join a necessary party, with leave to amend.

Plaintiff may file an amended complaint consistent with this order no later than **April 17, 2020**. Failure to file an amended complaint by that date will result in dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED**.